**Rosa L. COLEMAN, et al., Appellants,**

v.

**UNITED STATES, Appellee.**

**No. 7385.**

District of Columbia Court of Appeals.

Argued July 19, 1973.

Decided Nov. 16, 1973.

Rehearing en Banc Denied Dec. 14, 1973.

Willie E. Cook, Jr., Washington, D. C., for appellants.

George O. Ackerman, Bethesda, Md., for appellee.

Before REILLY, Chief Judge, PAIR, Associate Judge, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

Appellants are twenty-nine tenants of public low-rent housing accommodations owned by appellee United States of America and operated by its agent National Capital Housing Authority. Separate actions for possession were brought by the United States. Each action was brought on the grounds of nonpayment of rent and a thirty-day notice to quit. In each case the tenant was found delinquent in payment of rent and judgment for possession was ordered unless the back rent was paid within thirty days. This appeal followed.

The cases were consolidated for trial but the record contains the transcript of testimony only in the case of appellant Clifton L. Culmer. The trial court certified that the evidence for the landlord was substantially identical in each case and the testimony of each tenant was substantially identical. Thus we have one transcript as typical of all.

In Culmer's case the landlord's basic evidence was that he owed $1870.00 in back rent and had been given a thirty day notice to quit for failure to pay rent. Culmer, who had been a tenant of the premises for about eleven years, admitted he had not paid the claimed rent, saying he had not paid it "because of the conditions of the premises." The conditions of the premises thus became the main factual issue in the case, including the questions of what defects occurred, the causes of them, when they were reported to the landlord, and when or whether they were repaired.

The trial court found that the landlord's evidence showed by work orders that certain repairs were made at the tenants' requests, and there was testimony that all repairs requested by the tenants were made. The tenants admitted making no written requests for repairs but testified there were oral requests, and that some requests were complied with, and others ignored for varying periods of time. There was no positive testimony by the tenants as to the length of time any of the defects existed.

The tenants admitted all defects had been repaired after these actions were filed. Inspections by the District of Columbia housing inspectors, made after the actions were filed, showed no existing violations of the District of Columbia Housing Code.

The tenants' main argument is that the trial court was in error in ruling that the District of Columbia Housing Regulations do not apply to public housing accommodations owned by the United States. In contending for the application of the Housing Regulations, the tenants sought to bring into play in these cases the holding of this court in Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968), that a lease of housing accommodations so defective, at the time of the execution of the lease, as to be "unsafe and unsanitary" in violation of the Housing Regulations is void and unenforceable and the rule in Javins v. First Nat'l Realty Corp., 138 U.S.App.D.C. 369, 428 F.2d 1071, cert. denied, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970), that in an action for possession of housing accommodations for nonpayment of rent the tenant may prove Housing Regulations violations during the tenancy as a partial or complete defense.

In Knox Hill Tenant Council v. Washington, 145 U.S.App.D.C. 122, 448 F.2d 1045 (1971), the majority of the court refused to decide whether the local Housing Regulations were applicable to public as well as private housing, but held that even if not applicable, the Regulations "constitute at least a point of reference for giving content and meaning to the statutory standard of decent, safe and sanitary." 145 U.S.App.D.C. at 134, 448 F.2d at 1057. It was the opinion of the dissenting judge that the Regulations do not apply to public housing owned by the United States.

In the present case the trial court adopted the view of the dissenting judge in *Knox Hill* that the Regulations were not applicable but followed the majority in holding that the Regulations constitute a point of reference in determining the stat-

utory standard of "decent, safe and sanitary" set forth in the Housing Act of 1937.

While holding that the Housing Regulations were not applicable the trial court held that the Housing Act of 1937 (42 U. S.C. § 1401 et seq.) and the District of Columbia Alley Dwelling Law (D.C.Code 1973, § 5–103) were applicable and that the standard of "decent, safe and sanitary" contained in those two statutes was practically identical with the standard contained in the Housing Regulations. It accordingly ruled that a lease of public housing known to be in violation of the legislative standard would be void and unenforceable in the same manner that a lease of privately owned housing in violation of the Housing Regulations standard is void and unenforceable. However, the court ruled it could not hold the leases in question to be void because of lack of evidence that when made the landlord had notice, actual or constructive, of conditions which rendered the premises indecent, unsafe, or unsanitary.

The court also ruled that the principles laid down in Javins v. First Nat'l Realty Corp., *supra*, were applicable, and that it, as trier of the facts, was required to determine what portion, if any, of the rent was suspended while defects existed during the tenancy. The court found that the tenant Coleman was entitled to a ten percent reduction in rent, and therefore owed ninety percent of the accrued back rent, and unless paid within 30 days the landlord would be entitled to possession. As it was agreed that at the time of trial all defects had been repaired, future rent would be that fixed in the lease. Substantially similar rulings were made with respect to the other tenants.

■ It thus appears that although the trial court held the Housing Regulations inapplicable, it did afford the tenants the full benefit of the principles of *Brown* and *Javins* which were based upon application

of the Housing Regulations. We, therefore, see no occasion for deciding whether the trial court's ruling was correct because the result would be the same in either event. The tenants have not been injured by the ruling and the landlord does not complain of it.

■ The tenants also urge that the Housing Regulations are applicable because of Circular RHM7465.8 (Circular 8) issued by the United States Department of Housing and Urban Development on February 22, 1971. The legality of Circular 8 was challenged in court and its enforcement was stayed, but on appeal its validity was sustained.[1] The tenants argue that the effect of the reversal was to make Circular 8 binding even during the stay, but we have no occasion for deciding that question. Circular 8, as far as here concerned, requires maintenance of public housing "in a decent, safe and sanitary condition in accordance with local housing codes." We do not understand this to require public housing to comply with every specific provision of a local housing code, but only that it comply to the extent necessary to provide "decent, safe and sanitary" housing. As the trial court held there was a statutory duty to maintain the premises in a "decent, safe and sanitary" condition, and used the Housing Regulations as a point of reference in determining that standard, it matters not that it took the standard from the statute instead of the Circular. The result was the same.

■ The tenants' final point is that the graded rent schedule for the housing is illegal because it was fixed without compliance with the District of Columbia Administrative Procedure Act. That act established procedures to be observed by "the Commissioner, the Council, and agencies of the District government."[2] The National Capital Housing Authority is not an agency of the District of Columbia.

Affirmed.

1. Housing Auth. of City of Omaha, Neb. v. United States Housing Auth., 468 F.2d 1 (8th Cir. 1972), cert. denied, 410 U.S. 927, 93 S.Ct. 1360, 35 L.Ed.2d 588 (1973).

2. D.C.Code 1973, § 1–1501.